This is an action brought by plaintiff against the defendant, who prays for injuctive relief. Plaintiff alleges ownership. "That defendant wrongfully and unlawfully, and without the knowledge or consent of plaintiff, has begun the erection of a wharf or storehouse in the waters of the Currituck Sound in front of plaintiff's shore, about 300 yards from said shore and between the said shore and the deep waters and middle of the said sound."
The defendant answers and sets up adverse possession and "denies that the plaintiff has any right in the said water where the building is *Page 408 
erected or in the lands under the water, and has no right to interfere with the defendant and no just cause of complaint against him. That the plaintiff is violating the law and extending what he calls a pier out from the shore line in the sound obstructing navigation, and this defendant further avers that the building which he has erected is not between any lands claimed by the plaintiff and the middle of Currituck Sound. That the said building is between parallel line extending towards the middle of the sound owned by the United States Government as a lighthouse and is in about twenty-three yards of the lighthouse pier. That the plaintiff has no right in any of the property in the possession of the defendant or used by him upon which to erect his said boathouse and all allegations to the contrary . . . are denied. For further defense this defendant avers that the lands upon which his building is erected is in front of the lands belonging to the United States Government; that the defendant is a member of the Coast Guard; that he used for the Government this pier, and he and others used these small houses in front of the Government property with the consent and approval of the Coast Guard authorities, and have been using them for more than twenty-five years continuously, and that the plaintiff has no right in the waters where the building is located, and the lands under the water."
The issue submitted to the jury and their answer thereto, were as follows: "1. Has the defendant trespassed on the land of plaintiff, as alleged in the complaint? Answer: No."
From a careful reading of the evidence we see no new or novel proposition of law involved in this controversy. It was a question of fact for the jury to decide and the evidence on the part of defendant was sufficient to be submitted to the jury on the contentions made by him.
The question as to plaintiff's right to injunctive relief presented by defendant is not material on the record. The case was tried on the theory of trespass. The issue was framed by the court below, and we think sufficient to present the material phase of the controversy between the parties. The jury has decided the issue of fact in favor of defendant. In law we find
No error. *Page 409